UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDALL BONDS, Individually and For Others Similarly Situated<br><br>v.<br><br>CURVATURE LANDSCAPES & DESIGN, INC. | **Case No.** _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Randall Bonds (Bonds) brings this collective action lawsuit to recover unpaid overtime wages and other damages from Curvature Landscapes & Design, Inc. (Curvature) under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (FLSA).

2. Bonds worked for Curvature as a Landscaper in Georgia.

3. Like the Day Rate Workers (as defined below), Bonds regularly worked more than 40 hours in a week.

4. But Curvature did not pay Bonds and the Day Rate Workers overtime wages.

1

5. Instead of paying overtime, Curvature paid Bonds and the Day Rate Workers a flat amount for each day worked (a "day rate") without overtime compensation.

6. Curvature's uniform day rate pay scheme violates the FLSA by depriving Bonds and the Day Rate Workers of overtime pay when they work more than 40 hours in a workweek.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. This Court has general personal jurisdiction over Curvature because Curvature is a domestic corporation.

9. Venue is proper because Curvature maintains its principal place of business in Sugar Hill, Georgia, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

10. Bonds worked for Curvature as a Landscaper in Georgia from approximately October 2022 until March 2023.

11. Throughout his employment, Curvature paid Bonds under its illegal day rate pay scheme and failed to pay him overtime compensation for

the hours he worked after 40 in a workweek.

12. Bonds' written consent is attached as **Exhibit 1**.

13. Bonds brings this action on behalf of himself and all other similarly situated Curvature employees who were paid under its illegal day rate pay scheme.

14. Curvature paid each of these employees a flat amount for each day worked and failed to pay them overtime when they worked more than 40 hours in a workweek in violation of the FLSA.

15. The putative collective of similarly situated employees is defined as:

> **All Curvature employees who were paid a day rate with no overtime at any time during the past 3 years ("Day Rate Workers").**

16. The Day Rate Workers can be readily ascertained from Curvature's business and personnel records.

17. Curvature is a Georgia corporation that maintains its headquarters in Sugar Hill, Georgia.

18. Curvature can be served with process by serving its registered agent: **Lisa Bennette, 1427 Railroad Ave., Sugar Hill, Georgia 30518**, or wherever she may be found.

## COVERAGE UNDER THE FLSA

19. At all relevant times, Curvature was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Curvature was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, Curvature has been part of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

22. At all relevant times, Curvature has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, equipment, cell phones/devices, personal protection equipment, etc.) that have been moved in or produced for commerce.

23. In each of the past 3 years, Curvature has had an annual gross business volume of at least $500,000.00.

24. At all relevant times, Bonds and the Day Rate Workers were Curvature's "employees" within the meaning of Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

25. At all relevant times, Bonds and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

26. Curvature uniformly applied its policy of paying Bonds and the Day Rate Workers a day rate with no overtime compensation.

27. Curvature applied this policy regardless of any alleged individualized factors such as precise job title, project, or geographic location.

28. As a result of Curvature's uniform day rate pay scheme, Bonds and the Day Rate Workers did not receive overtime wages when they worked more than 40 hours in a workweek.

29. Curvature's day rate pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

30. Curvature "provide[s] a full range of superior landscaping services[,]"[1] including hardscaping, landscape lighting services, lawn aeration, patio construction, and water features.[2]

31. To meet its business objectives, Curvature hires workers (including Bonds and the Day Rate Workers) to provide landscaping services to, and install various "hardscaping" (such as driveways, fences, and gates) for, their clients.

---

[1] https://curvaturelandscapes.com/about-us/ (last visited August 11, 2023).
[2] https://curvaturelandscapes.com/about-us/service-areas/ (last visited August 11, 2023).

5

32. Curvature uniformly pays these workers (including Bonds and the Day Rate Workers) under its day rate pay scheme.

33. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

34. For example, Bonds worked for Curvature as a Landscaper in Georgia from approximately October 2022 until March 2023.

35. As a Landscaper, Bonds' primary job duties included transporting materials for Curvature, as well as performing maintenance on client's lawns and installing driveways, fences, and gates.

36. Throughout his employment, Curvature paid Bonds and the Day Rate Workers on a day rate basis (without overtime).

37. Specifically, Curvature paid Bonds approximately $140 each day he actually worked, regardless of the number of hours he worked that day (or that workweek) and failed to pay him overtime.

38. Curvature uniformly paid Bonds and the Day Rate Workers under its illegal day rate pay scheme that deprived these employees of overtime when they worked more than 40 hours in a workweek.

39. Curvature never paid Bonds and the Day Rate Workers a guaranteed salary that was not subject to deduction based on the number of days or hours he worked.

40. Rather, Curvature only paid Bonds and the Day Rate Workers their set day rates for the actual days they worked.

41. If Bonds and the Day Rate Workers did not work, they did not get paid.

42. Bonds and the Day Rate Workers' day rates do not increase when they work more than 40 hours in a week.

43. Thus, Curvature never paid Bonds and the Day Rate Workers on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 143 S.Ct. 677, 685 (2023) ("Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

44. Curvature only paid Bonds and the Day Rate Workers their day rates and failed to pay them overtime when they worked more than 40 hours in a workweek.

45. This is despite Bonds and the Day Rate Workers regularly working overtime.

46. Indeed, Bonds worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

47. Likewise, each Day Rate Worker worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

48. Indeed, Bond and the Day Rate Workers regularly worked 10-12 hours a day, for 5-6 days a week.

49. Bonds and the Day Rate Workers work in accordance with the schedule set by Curvature.

50. Although Bonds and the Day Rate Workers typically worked 50+ hours/workweek, Curvature never paid them overtime compensation in violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

51. Bonds incorporates all other paragraphs by reference.

52. Bonds brings his claim as a collective action on behalf of himself and the other Day Rate Workers.

53. The Day Rate Workers were uniformly victimized by Curvature's day rate pay scheme, which is in willful violation of the FLSA.

54. Other Day Rate Workers worked with Bonds and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

55. Based on his experience with Curvature, Bonds is aware Curvature's illegal day rate pay scheme was imposed on the Day Rate Workers.

56. The Day Rate Workers are similarly situated in all relevant respects.

57. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

58. Any relevant exemption defenses would require Curvature to pay the Day Rate Workers on a salary basis.

59. But because Curvature fails the salary basis test with respect to the Day Rate Workers, the specific job duties performed by those employees are largely irrelevant.

60. The only relevant job duty is whether the Day Rate Workers worked more than 40 hours in a week.

61. Therefore, the specific job titles or precise job locations of the various Day Rate Workers do not prevent collective treatment.

62. Rather, Curvature's uniform day rate pay scheme renders Bonds and the Day Rate Workers similarly situated for the purposes of determining their right to overtime pay.

63. Curvature's records reflect the days and/or hours the Day Rate Workers worked each week.

64. Curvatures records also reflect the fact it paid the Day Rate Workers a day rate and failed to pay them overtime wages for their overtime hours worked.

65. The backwages owed to Bonds and the Day Rate Workers can therefore be calculated using the same formula applied to the same records.

66. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Curvature's records, and there is no detraction from the common nucleus of liability facts.

67. Therefore, the issue of damages does not preclude collective treatment.

68. Bond's experiences are therefore typical of the experiences of the Day Rate Workers.

69. Bonds has no interest contrary to, or in conflict with, the Day Rate Workers.

70. Like each Day Rate Worker, Bonds has an interest in obtaining the unpaid overtime wages owed to them under federal law.

71. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

72. Absent this collective action, many Day Rate Workers likely will not obtain redress for their injuries, and Curvature will reap the unjust benefits of violating the FLSA.

73. Even if some of the Day Rate Workers could afford individual litigation against Curvature, it would be unduly burdensome to the judicial system.

74. Concentrating the litigation in one forum will promote judicial economy and consistency, parity among the claims of individual Day Rate Workers.

75. The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

76. Among the common questions of law and fact are:

   a. Whether Curvature's illegal day rate pay scheme was applied uniformly across the nation to all Day Rate Workers;

   b. Whether Bonds and the Day Rate Workers were exempt from the FLSA's overtime provisions;

   c. Whether Bonds and the Day Rate Workers are non-exempt employees entitled to overtime wages;

   d. Whether Curvature's day rate pay scheme satisfies the salary basis test;

      e.    Whether Curvature's day rate pay scheme deprived Bonds and the Day Rate Workers of the premium overtime wages they are worked under the FLSA;

      f.    Whether Curvature's decision to not pay Bonds and the Day Rate Workers overtime was made in good faith; and

      g.    Whether Curvature's violations of the FLSA were willful.

77. Bonds knows of no difficulty that would be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

78. As part of its regular business practices, Curvature intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Bonds and the Day Rate Workers.

79. Curvature's illegal day rate pay scheme deprived Bonds and the Day Rate Workers of the premium overtime wages they are owed under federal law.

80. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

81. Notice of this lawsuit should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

82. Those similarly situated workers (the Day Rate Workers) are known to Curvature, are readily identifiable, and can be located through Curvature's business and personnel records.

### CURVATURE'S FLSA VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

83. Bonds incorporates all other paragraphs by reference.

84. Curvature knew it was subject to the FLSA's overtime provisions.

85. Curvature knew the FLSA required it to pay non-exempt employees, including the Day Rate Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

86. Curvature knew each Day Rate Worker worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed because it expected and required these workers to do so.

87. Curvature knew it paid the Day Rate Workers a day rate.

88. Curvature knew it paid the Day Rate Workers a flat amount for each day worked, regardless of the number of hours they worked that day or that workweek.

89. Curvature knew it did not pay the Day Rate Workers on a "salary basis."

90. Curvature knew it did not pay the Day Rate Workers any guaranteed salary that was not subject to deduction based on the number of hours or days worked.

91. Thus, Curvature knew, should have known, or recklessly disregarded the fact that the Day Rate Workers were non-exempt employees entitled to overtime wages.

92. Nonetheless, Curvature did not pay Bonds and the Day Rate Workers overtime wages when they worked more than 40 hours in a workweek.

93. Curvature's failure to pay Bonds and the Day Rate Workers overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

94. Curvature knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

95. Indeed, Curvature knowingly, willfully, and/or in reckless disregard carried out its illegal day rate pay scheme that deprived Bonds and the Day Rate Workers of overtime wages in violation of the FLSA.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

96. Bonds incorporates all other paragraphs by reference.

97. Bonds brings his FLSA claims as a collective action on behalf of himself and the Day Rate Workers.

98. Curvature violated, and is violating, the FLSA by employing non-exempt employees (Bonds and the Day Rate Workers) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

99. Curvature's unlawful conduct harmed Bonds and the Day Rate Workers by depriving them of the overtime wages they are owed.

100. Accordingly, Bonds and the Day Rate Workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## JURY DEMAND

101. Bonds demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Bonds individually, and on behalf of the Day Rate Workers, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Workers allowing them to join this action by filing their written consent;

b. An Order pursuant to Section 16(b) of the FLSA finding Curvature liable for unpaid back wages due to Bonds and the Day Rate Workers, plus liquidated damages in an amount equal to their unpaid compensation;

c. A Judgment against Curvature awarding Bonds and the Day Rate Workers all their unpaid overtime, liquidated damages, and any other penalties available under the FLSA;

d. An Order awarding attorney's fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Dated: August 14, 2023.                    Respectfully submitted,

**MORGAN & MORGAN, PA**

By: */s/ Jeremy Stephens*
   Jeremy Stephens, Esq.
   GA Bar No. 702063
191 Peachtree Street, N.E.
Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone (404) 965-1682
jstephends@forthepeople.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

**Pro hac vices forthcoming*

**ATTORNEYS FOR PLAINTIFF AND THE DAY RATE WORKERS**

17